FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 22, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KARLA MARIE JONES,<br><br>    Plaintiff,<br><br>    v.<br><br>JOSEPH EVAN LAFRANCE and LORI ANN LAFRANCE et al.,<br><br>    Defendants. | No. 2:22-CV-00133-SAB<br><br>**ORDER DISMISSING CASE** |

    Plaintiff is representing herself in this matter and filed the above-captioned case on May 31, 2022. ECF No. 1. On June 1, 2022, Plaintiff was granted leave to proceed *in forma pauperis*. ECF No. 6. A Motion to Appoint Counsel was filed on June 15, 2022, which was denied on June 24, 2022. ECF Nos. 8, 15. On July 12, 2022, the Court issued an Order directing Plaintiff to amend or voluntary dismiss the Complaint for failure to state a claim upon which relief can be granted. ECF No. 16. Plaintiff filed a Supplement to the Complaint on July 14, 2022 and a First Amended Complaint on July 20, 2022. ECF Nos. 17, 18.

    Plaintiff previously filed suit in this Court under case number 2:21-CV-00353-SAB. The matter was dismissed without prejudice for failure to state a claim upon which relief can be granted. Plaintiff's present allegations substantially mirror the claims dismissed in case number 2:21-CV-00353-SAB.

//

//

**ORDER DISMISSING CASE** *1

## 28 U.S.C. § 1915(e)(2) Review

28 U.S.C. § 1915(e)(2)(B) states that a district court shall dismiss a case at any time, regardless of whether the filing fee has been paid, if the court determines that the action is (i) frivolous or malicious or (ii) fails to state a claim upon which relief may be granted. *See also Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999) ("[D]istrict courts have the power to screen complaints filed by all litigants, prisoners and non-prisoners alike, regardless of fee status."). A plaintiff's claim is frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

When determining whether to dismiss for failure to state a claim upon which relief can be granted, a court takes the factual allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). On the other hand, mere legal conclusions, "are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri*, 901 F.2d at 699.

## Pleading Standard

Pursuant to the Federal Rules of Civil Procedure, a pleading must include a statement affirming the court's jurisdiction, "a short and plain statement of the claim showing the pleader is entitled to relief; and . . . a demand for the relief sought, which may include relief in the alternative or different types of relief. Fed. R. Civ. P. 8(a).

As the U.S. Supreme Court instructs:

> [A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the

**ORDER DISMISSING CASE *2**

> court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads fact that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft*, 556 U.S. at 679 (citations and quotations omitted).

## Discussion

The Court has reviewed Plaintiff's First Amended Complaint, ECF No. 18. Plaintiff challenges state court proceedings. She indicates the deed to her house was changed through fraud, which resulted in the loss of her home. Plaintiff is requesting that a trust and its assets be frozen for investigation and her property returned to her. Plaintiff also submitted a number of exhibits, which the Court has reviewed. ECF No. 17.

In this case, Plaintiff has not asserted a cause of action, and the Court cannot discern the factual or legal basis of a claim. While the Court is sympathetic to Plaintiff's circumstances, Plaintiff has failed to state a claim upon which relief can be granted. The Court also finds that further amendment to the complaint would be futile. Thus, pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court dismisses Plaintiff's First Amended Complaint.

//
//
//
//
//
//
//
//
//

**ORDER DISMISSING CASE *3**

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's First Amended Complaint, ECF No. 18, is **DISMISSED without prejudice**.

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to file this Order and provide a copy to counsel and *pro se* Plaintiff and **close** the file.

**DATED** this 22nd day of August 2022.



Stanley A. Bastian
Chief United States District Judge

**ORDER DISMISSING CASE *4**